[613 NYS2d 361]

In the Matter of SIDNEY BAUMGARTEN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 2, 1994

### APPEARANCES OF COUNSEL

*Karen A. Robinson* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Donald Sullivan* of counsel *(Bleakley Platt & Schmidt,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Sidney Baumgarten, was admitted to the prac-

tice of law in New York by the Second Judicial Department on March 29, 1961. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

By motion dated December 27, 1993, the Departmental Disciplinary Committee (the DDC) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii) suspending respondent from the practice of law based upon substantial admissions under oath that he has committed serious acts of professional misconduct, and upon other uncontroverted evidence of professional misconduct.

The DDC initiated an investigation of professional misconduct against respondent based on a complaint dated August 14, 1992, charging that he had in August 1991 received a check for $22,393.66 from a woman to settle and pay her husband's debts and that he had not done so. Respondent admitted that the amount in his escrow account fell below what he should have been holding, that at times the account had a negative balance, and that he had used escrow funds to pay his own expenses. Respondent also admitted that he commingled client funds with his own in an effort to avoid liens by the Internal Revenue Service.

On June 4, 1992, the couple requested an accounting. Respondent's accounting listed $11,660.22 paid on their behalf and $10,733.44 remaining in the escrow account. On the date of the accounting, however, only $2,718.41 remained in that account. The June 4, 1992 letter to respondent requested the prompt return of their remaining money; it was not returned, however, until May 1993.

The DDC has concluded that, from respondent's sworn admissions and other uncontroverted evidence, it is clear that respondent intentionally converted client funds in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), commingled client funds in violation of DR 9-102 (A) and (B) (22 NYCRR 1200.46 [a], [b]), and failed to return client funds promptly in violation of DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4]). Staff counsel recommends that respondent be suspended from the practice of law pending the resolution of disciplinary proceedings.

Respondent contends that the drastic remedy of suspension pending a hearing is not necessary. He argues that he worked diligently to settle all of the husband's debts and succeeded in settling a landlord's $11,460 claim for $3,750, that his compli-

ance with the DDC's requests was hampered by his own petition for reorganization in the Bankruptcy Court, and that there was never a willful or knowing use of escrow funds. He stresses that he has fully cooperated with the DDC, that his failings in this case stem from a lack of staff and from his deficiencies as a bookkeeper, and that for 33 years he has received significant recognition as a lawyer, writer, and lecturer at several Bar associations, law schools, and the New York City Police Academy. He has submitted several letters from members of the Bar attesting to his good character and integrity.

Under 22 NYCRR 603.4 (e) (1), a respondent may be suspended from the practice of law pending consideration of the charges against him, upon a finding, which may be based on admissions under oath or other uncontested evidence, that the attorney is guilty of professional misconduct immediately threatening the public interest. Although respondent has addressed many of the admissions he made during his deposition, he has failed to address satisfactorily his most serious admission, that due to his own financial problems and lack of organization he used a client's funds for his own personal and business expenses. Even in the absence of venality such conduct puts clients' funds at risk and thus immediately threatens the public interest. It also, even in the absence of venality, involves the likelihood of suspension (see, Matter of Altomerianos, 160 AD2d 96; Matter of Altschuler, 139 AD2d 311).

Accordingly, respondent is found to be guilty of professional misconduct immediately threatening the public interest and is suspended from the practice of law, pursuant to 22 NYCRR 603.4 (e) (1), pending consideration of the charges against him.

CARRO, J. P., ELLERIN, WALLACH, KUPFERMAN and NARDELLI, JJ., concur.

Motion granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court.