[731 NYS2d 10]

In the Matter of SITRO DE LA CRUZ (Admitted as SITRO PRADO DE LA CRUZ), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 9, 2001

### APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Sitro De La Cruz, was admitted to the practice

of law in the State of New York by the Third Judicial Department on July 26, 1988, as Sitro Prado De La Cruz. Respondent maintained an office for the practice of law within the First Judicial Department at all times relevant to these proceedings.

The Departmental Disciplinary Committee has moved for an order suspending respondent immediately from the practice of law until further order of this Court based upon 22 NYCRR 603.4 (e) (1) (i) and (iii) due to his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct; for other uncontested evidence of misconduct, namely, his abandonment of his law practice; and, based upon 22 NYCRR 603.13 (g), for the appointment of an attorney, as receiver, to inventory respondent's files, and to take such action as is necessary to protect the interests of his clients.

The Committee has been investigating 28 complaints filed against respondent which allege that he, *inter alia*, neglected personal injury matters and failed to communicate with his clients. While respondent has submitted answers to nine of the complaints, he has failed to answer the remaining 19 complaints. Respondent abandoned his law practice in August 2000; and he relocated to the Philippines when he became aware that he was the target of a criminal investigation being conducted by the New York County District Attorney's office. Respondent's law partner, Francis Macalino, testified that respondent stopped coming to the office once a search warrant was issued and that Macalino then learned that respondent had an arrangement with a medical clinic whereby the clinic referred clients to respondent's office. The clinic claimed to own respondent's practice and in February 2001 locked Macalino out of the office and transferred respondent's files to other attorneys without client permission. Respondent last contacted the Committee by telephone from the Philippines on April 4, 2001 and has not interposed a response to this motion.

Respondent's cavalier attitude with respect to the Committee's investigation of 28 pending complaints, and his abandonment of his law practice and flight to the Philippines has thwarted the Committee's investigation into these matters, and "evinces a shocking disregard for the judicial system, and can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*see, Matter of Gordon*, 142 AD2d 135, 137; *see also, Matter of Lubell*, 189 AD2d 186; *Matter of Valdes*, 160 AD2d 31). There is uncontroverted evidence that respondent has neglected legal matters entrusted to him. He should be suspended immediately pending further order of this Court.

The Committee's request for appointment of an attorney to oversee the return or transfer of respondent's client files is unopposed by respondent and amply supported by the record evidence. On May 15, 2001, the District Attorney's office executed search warrants at locations where respondent's files had been transferred in connection with an investigation.

A receiver is required to be appointed to inventory the clients' files, coordinate responses to client inquiries, arrange for the return of such files to clients, and to take such action as needed to otherwise protect the clients' interests.

Accordingly, the petition for an order pursuant to 22 NYCRR 603.4 (e) (1) and 603.13 (g) should be granted, respondent suspended immediately pending further order of this Court, and an attorney appointed as receiver to inventory respondent's clients' files immediately and to take appropriate action to protect the interests of these clients.

ANDRIAS, J. P., SAXE, BUCKLEY, FRIEDMAN and MARLOW, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until the further order of this Court, and receiver appointed, all as indicated.