[746 NYS2d 162]

In the Matter of SITRO DE LA CRUZ (Admitted as SITRO PRADO DE LA CRUZ), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 15, 2002

**APPEARANCES OF COUNSEL**

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Sitro De La Cruz was admitted to the practice of law in the State of New York by the Third Judicial Department on July 26, 1988, as Sitro Prado De La Cruz. Respondent maintained an office for the practice of law within the First Judicial Department at all times relevant to these proceedings.

The Departmental Disciplinary Committee has moved for an order disbarring respondent from the practice of law, pursuant to 22 NYCRR 603.4 (g), on the grounds that he was previously suspended, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), by an order of this Court dated October 9, 2001 (*Matter of De La Cruz*, 286 AD2d 112), and has neither appeared nor applied in writing to the Committee or the Court for a hearing or reinstatement for over six months from the date of his suspension. The Committee has investigated 28 complaints filed against respondent which allege that he, inter alia, neglected personal injury matters and failed to communicate with his clients. This Court suspended respondent pending further disciplinary proceedings due to his willful failure to cooperate with the Committee in its investigation into his alleged neglect and failure to communicate with his clients and, other uncontested evidence of misconduct, namely, his abandonment of his law practice in August 2000 and flight to the Philippines following the execution of a search warrant by the New York County District Attorney's Office. More than six months have elapsed since this Court's order of suspension. Respondent failed to appear on the previous motion and has neither appeared nor made written application for a hearing or reinstatement on the present motion despite being notified that a failure to appear or apply in writing for hearing or reinstatement may result in disbarment.

Accordingly, the petition for an order pursuant to 22 NYCRR 603.4 (g) should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

ANDRIAS, J.P., SAXE, BUCKLEY, FRIEDMAN and MARLOW, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.