[750 NYS2d 65]

In the Matter of MITCHELL L. SINGER (Admitted as MITCHELL LEE SINGER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 26, 2002

### APPEARANCES OF COUNSEL

*Raymond Vallejo* of counsel (*Thomas J. Cahill*, attorney), for petitioner.

*Ira D. London* for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Mitchell L. Singer was admitted to the practice of law in the State of New York by the First Judicial Depart-

ment on June 28, 1978, as Mitchell Lee Singer. At all times relevant to the instant proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order, pursuant to 22 NYCRR 603.4 (e) (1) (i), (iii) and (iv), immediately suspending respondent from the practice of law until further order of the Court, based upon his noncooperation with a Committee investigation, uncontested evidence of professional misconduct, and his failure or refusal to pay a judgment. Respondent has submitted a one-page answering affirmation in which he consents to his interim suspension.

The Committee's motion is based upon 20 complaints filed against respondent alleging, inter alia, that he wrote approximately 30 dishonored checks on his attorney trust account and that he failed to repay debts owed to clients and other individuals, including a debt reduced to judgment.

The Committee alleges that, while respondent initially appeared to cooperate in the Committee's investigation into the numerous complaints filed against him, he has since engaged in persistent dilatory tactics. Indeed, the record is replete with examples of respondent's failure to cooperate, failure that "evinces a shocking disregard for the judicial system * * * [which] can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" (*Matter of Mager*, 282 AD2d 88, 91-92; *see also Matter of Nason*, 297 AD2d 10; *see also Matter of De La Cruz*, 286 AD2d 112). Respondent's failure to cooperate constitutes a sufficient basis, pursuant to 22 NYCRR 603.4 (e) (1) (i), to grant the Committee's motion.

The record also contains substantial uncontested evidence of professional misconduct, including evidence of numerous instances in which respondent wrote checks that were dishonored and which, for the most part, remain unpaid, to clients, attorneys, and others as well as evidence that respondent misused his attorney trust and escrow accounts, in some instances, using the funds in those accounts for personal matters without authority. This evidence provides an additional ground, under 22 NYCRR 603.4 (e) (1) (iii), to grant the Committee's motion.

Finally, the record includes uncontested evidence that respondent has failed to satisfy a judgment for $2,600 ordered against him by the Small Claims Court, dated April 24, 2001. Respondent's "willful failure or refusal to pay money owed to a client, which debt is demonstrated by * * * a judgment"

provides yet a third ground for his suspension under 22 NYCRR 603.4 (e) (1) (iv).

Based upon the uncontested evidence in the record, the Court finds that respondent's conduct threatens the public interest and warrants a suspension. Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i), (iii) and (iv) to suspend respondent from the practice of law should be granted, respondent suspended from the practice of law, effective immediately, until the conclusion of pending disciplinary proceedings and until further order of this Court.

ANDRIAS, J.P., SAXE, ROSENBERGER, MARLOW and GONZALEZ, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until such time as pending disciplinary matters have been concluded and until further order of this Court.