[796 NYS2d 45]

In the Matter of BAIRD CUBER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 19, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Baird Cuber was admitted to the practice of law in the State of New York by the First Judicial Department on July 17, 1989. At all times relevant to this petition, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee has received 11 complaints against respondent, all of which are similar in substance. In each case, respondent undertook representation in an immigration case and is alleged to have either neglected to pursue the matter or to have displayed professional incompetence, to the substantial prejudice of the client. Several of the complaints allege that respondent utilized the services of a nonlawyer immigration service, one complainant going so far as to allege that respondent's office was merely a front for the illegal service.

Respondent has been notified of the complaints lodged against him. Respondent submitted a written answer to the first seven complaints, but failed to respond to requests to submit the full file or a chronological account of efforts undertaken on the client's behalf in five of those cases. In May 2004, respondent requested additional time to comply with the Committee's requests and was given until May 31 to submit the necessary material. When no response was forthcoming, the time to comply was twice extended, similarly without any response. Finally, on August 9, respondent was personally served with a subpoena duces tecum to appear for a deposition to be held on August 19 at the Committee's offices. When respondent failed to appear, he was notified, by both regular and certified mail, to contact the Committee within 10 days. The certified letter was returned unclaimed and the regular mailing was not returned. Furthermore, respondent has failed to submit an answer to the four additional complaints filed against him or to contact the Committee with respect to those matters.

The Committee now seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) suspending respondent from the practice of law forthwith until completion of its investigation of the pending 11 complaints alleging serious professional misconduct in failing to diligently represent clients in immigration matters. Despite repeated efforts by the Committee to obtain respondent's

compliance with its investigation, respondent has failed to submit several answers, to submit requested files or to appear for deposition. Respondent has failed to interpose an answer in response to this proceeding or to communicate with this Court.

Respondent's repeated failure to cooperate with the Committee's investigation demonstrates blatant disregard for the judicial system (*Matter of Gordon*, 142 AD2d 135 [1988]). Accordingly, the Committee's application for an interim order of suspension should be granted.

TOM, J.P., MARLOW, SULLIVAN, NARDELLI and WILLIAMS, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters, pending before the Committee have been concluded and until the further order of this Court.