[802 NYS2d 452]

In the Matter of MAURICE B. MELMAN (Admitted as MAURICE BERNARD MELMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 25, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jorge Dopico* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Maurice Bernard Melman was admitted to the

practice of law in New York by the First Judicial Department on June 2, 1997, and at all times relevant to these proceedings, has maintained an office for the practice of law within this Department.

Since September 2004, respondent has repeatedly failed to cooperate with a Departmental Disciplinary Committee investigation into complaints involving his handling of his escrow account. Over a period of five months, from September 2004 to January 2005, the Committee forwarded six complaints to respondent. To date he has not provided the Committee with an answer to any one of the complaints.

On or about September 10, 2004, Oscar Grant filed a complaint alleging that after respondent deposited a $2,500 settlement check into his escrow account on Grant's behalf in August 2004, respondent refused to answer Grant's inquiries regarding the payment of his share of the settlement. On September 22, 2004, the Committee forwarded the complaint to respondent directing him to answer. About five days later, respondent sent a check in the amount of $1,661.67 to Grant, which represented his share of the settlement proceeds, but still did not answer the disciplinary complaint.

Respondent subsequently informed the Committee that he did not believe he had to provide an answer since he had paid Grant the settlement proceeds. Thereafter, the Committee specifically informed respondent, on more than one occasion, that an answer was still required however, to date, no answer has been received.

On or about September 10, 2004, the Lawyers' Fund for Client Protection notified the Committee and respondent that a $200 check issued from respondent's escrow account had been returned for insufficient funds. By letter dated September 20, 2004, the Committee directed respondent to submit an answer regarding the dishonored check report and to provide escrow account records for the preceding six months. At this point, the Committee advised respondent that his failure to answer could subject him to discipline. Despite additional reminders by the Committee, respondent has still not answered this complaint nor did he produce his escrow records.

According to a complaint filed by Robert Hickman, in late July 2004 respondent received a $4,500 settlement check on his behalf which was deposited into respondent's escrow account. Although the check was credited to his account and despite repeated phone calls from Hickman seeking his $3,000 share,

respondent did not forward any proceeds. Rather, according to subpoenaed bank records respondent wrote to himself and negotiated for his own use approximately 33 checks totaling more than $3,600. This left a balance in his escrow account of only $1,490.30 when he was obligated to maintain $3,000 on behalf of Hickman. The Committee forwarded Hickman's complaint but to date respondent has not answered the complaint, nor has he paid Hickman the money due to him.

Around August 2004 respondent settled Secundino Marte's personal injury action and subsequently received a $5,000 settlement check. Although Marte and respondent endorsed the check and it was negotiated, respondent did not deposit it into his escrow account. When Marte was unable to contact respondent for two months, he filed his complaint with the Committee in November 2004. In December 2004 and January 2005 the Committee twice sent the complaint to respondent demanding an answer but no response has been received.

Around June 2004 respondent settled a personal injury action on behalf of Jose A. Polanco and deposited an $8,000 settlement check into his escrow account in August 2004. From August to December 2004, Polanco repeatedly called respondent for his portion of the settlement but received no response. The bank records show that from August 6 to September 20, 2004, respondent wrote checks to himself that brought the balance of his escrow account to $5,196.97, a little below the $5,333.33 that he was obligated to maintain intact on Polanco's behalf. To date respondent has not answered Polanco's complaint nor paid him the settlement monies.

On August 12, 2004, respondent and his client Teofilo Batista signed two releases to settle a claim against the same defendants for property damage and personal injury for $3,000 and $6,000 respectively. Batista repeatedly and unsuccessfully attempted to contact respondent to receive his share of the settlement proceeds. On January 13, 2005, the Committee sent a letter to respondent directing him to answer Batista's complaint. To date, respondent has not submitted an answer nor has he paid Batista his share of the settlement.

According to bank records obtained by the Committee, from shortly before September 27, 2004 until January 31, 2005, respondent continued to write to himself, and negotiate for his own use, more than 10 checks, virtually depleting his escrow account leaving a balance of just 30¢.

On January 27, 2005, as a result of respondent's failure to answer the above complaints and produce his escrow records,

this Court issued a subpoena for his personal appearance and for respondent's client files. Despite numerous adjournments at respondent's request, he failed to appear at a deposition and failed to produce his records. Respondent has also failed to pay four of the complainants their settlements which total $17,668. The Committee contends that this misconduct constitutes violations of Code of Professional Responsibility DR 1-102 (a) (4), (5) and (7), DR 6-101 (a) (3) and DR 9-102 (a) and (c) (4) (22 NYCRR 1200.3, 1200.30, 1200.46).

Rules of this Court (22 NYCRR) § 603.4 (e) provides, in pertinent part, that "[a]n attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct, . . . may be suspended from the practice of law . . . upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest." Pursuant to 22 NYCRR 603.4 (e) (1) "[s]uch a finding shall be based upon . . . (i) . . . the attorney's failure to submit a written answer to pending charges of professional misconduct . . .; or (iii) other uncontested evidence of professional misconduct."

Despite being accorded many opportunities to do so, respondent has failed to answer six disciplinary complaints or to appear for a deposition and produce records as required by this Court's subpoena. In addition to respondent's documented failure to cooperate with the Committee's investigation,* there is ample evidence from bank records that respondent has not maintained intact settlement funds owed to his clients.

Respondent's bank records, in fact, provide uncontested evidence that he has improperly used his escrow account which constitutes "serious misconduct that demands an immediate response in defense of the public interest" (see Matter of Wertis, 307 AD2d 15, 18-19 [2003]). Moreover, respondent himself admitted to the Committee that he has not paid various clients portions of their settlements and several times he promised the Committee that he would make such payments, but did not.

Accordingly, the Disciplinary Committee's motion should be granted and respondent Maurice Bernard Melman suspended from the practice of law, effective immediately, and until such

---

* Respondent has not even interposed a response to the Committee's motion seeking his interim suspension. The Committee's motion was served by first class mail and certified mail return receipt requested at respondent's home address.

time as disciplinary proceedings have been concluded and until further order of this Court.

ANDRIAS, J.P., MARLOW, GONZALEZ, SWEENY and CATTERSON, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of the Court.