OPINION OF THE COURT
Per Curiam.
Respondent Baird Cuber was admitted to the practice of law in the State of New York by the First Judicial Department on July 17, 1989. At all times relevant to this petition, respondent has maintained an office for the practice of law within the First Judicial Department.
Respondent is subject to an order of interim suspension from the practice of law for his willful failure to cooperate with the Departmental Disciplinary Committee’s investigation into allegations of professional misconduct arising out of 11 complaints filed against him (19 AD3d 58 [2005]). It is alleged that respondent neglected to pursue certain immigration cases and displayed professional incompetence in others, to the substantial prejudice of his clients. Several of the complaints allege that respondent utilized a nonlawyer immigration service, one asserting that his office was a mere front for the illegal service.
The Committee now seeks an order disbarring respondent on the ground that he has been suspended pursuant to 22 NYCRR 603.4 (e) (1) (i) and has failed to appear or apply in writing for a hearing or reinstatement for a period of six months after May 19, 2005, the date of the interim suspension, as provided in 22 NYCRR 603.4 (g). In opposition, respondent has submitted a request belatedly seeking reinstatement, in which he portrays the complaints made against him as frivolous. He contends that his suspension is attributable to pressure applied to the Committee by judges with the New York Executive Office for Immigration Review. He further alleges that the Committee’s numerous requests for information in connection with its investigation were calculated to discourage him “from defending himself against these myriad frivolous complaints.” In reply, the Committee notes that respondent’s application is untimely, having been made almost three months after the date specified in 22 NYCRR 603.4 (g); that there has been no communication between the Committee and the immigration court; and that respondent has yet to comply with the Committee’s requests for information or to respond to its notice to take his deposition testimony.
As we noted in granting the Committee’s application for an interim suspension, respondent was given several extensions of time in which to submit the information sought by the Commit *81 tee, to no avail. Respondent has not even submitted an answer to four of the complaints lodged against him. We reject respondent’s intimation of unfairness and impropriety in the course of the Committee’s investigation. To the contrary, respondent’s intransigence warrants the grant of the Committee’s motion based upon his failure to timely appear or to apply for a hearing or for reinstatement (Matter of Johnson, 22 AD3d 106 [2005]).
Accordingly, the Committee’s motion should be granted pursuant to 22 NYCRR 603.4 (g) and respondent’s name stricken from the roll of attorneys in the State of New York, effective immediately.
Tom, J.E, Marlow, Sullivan, Nardelli and Williams, JJ., concur.
Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.