212

[842 NYS2d 406]

In the Matter of K. STEVEN ZIMMERMAN (Admitted as KIP STE-VEN ZIMMERMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPART-MENT, Petitioner.

First Department, September 20, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jun Hwa Lee* of counsel), for petitioner.

No appearance for respondent.

OPINION OF THE COURT

Per Curiam.

Respondent K. Steven Zimmerman was admitted to the practice of law in the State of New York by the First Judicial Department on January 31, 2000 as Kip Steven Zimmerman. At all times relevant to these proceedings, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) immediately suspending respondent from the practice of law until further order of this Court based upon his wilful failure to cooperate with the Committee in its investigation of allegations of professional misconduct. Respondent was served with this motion by first class and certified mail, but has not responded.

In 2005, the Committee was investigating a complaint against respondent that alleged he was working for an immigration "travel/translation" agency and assisting the agency in the unauthorized practice of law. As part of that investigation, on February 16, 2005, the Committee deposed respondent and asked him questions about his background and the facts relating to the allegations. The Committee completed that investigation and dismissed the complaint.

Thereafter, the Committee received a new complaint from respondent's housekeeper claiming respondent owed her money. In the course of that investigation, the Committee discovered that respondent had been arrested on a misdemeanor charge in New York County on December 23, 2004. Approximately six weeks after his arrest, during his deposition before the Committee on February 16, 2005, respondent, represented by counsel, testified under oath that he had not been arrested, charged or convicted of a crime since 1993. Although the Committee dismissed the complaint involving the housekeeper, it commenced a sua sponte investigation regarding allegations that respondent intentionally made a false statement to the Committee under oath.

The Committee sent a letter by first class mail to respondent's business address on January 31, 2007, advising him that a sua sponte investigation had been initiated against him based upon his apparently false deposition testimony

and requested a written answer within 20 days. The letter was not returned and, when respondent failed to submit an answer, the Committee sent a second request, by regular first class mail and certified mail on March 7, 2007, further advising respondent that his failure to cooperate could result in his suspension from the practice of law. The first class letter was not returned, but the certified letter was returned as "unclaimed." Respondent did not submit an answer. Thereafter, on four separate days in March and April 2007, a Committee investigator telephoned respondent and left messages. Respondent failed to return the calls.

On April 25, 2007, respondent was personally served with a subpoena duces tecum requiring his appearance at the Committee's office on May 8, 2007. He failed to appear and did not otherwise contact the Committee. On May 9, 2007, the Committee again wrote respondent by first class and certified mail confirming his failure to appear for his deposition, requesting that he contact the Committee, and reminding him that his failure to cooperate could result in his suspension. Once again, the first class letter was not returned, but the certified letter was returned as "unclaimed." Respondent did not contact the Committee. On July 5, 2007, a Committee investigator attempted to contact respondent by telephone, but respondent's answering machine indicated it was "full" and he was unable to leave a message.

Respondent's failure to cooperate with the Committee's investigation into an allegation that he made an intentionally false statement under oath, his failure to appear in response to a court-ordered subpoena, and his failure to submit a response to the instant motion demonstrates a total disregard for the judicial system, warranting his immediate suspension (*Matter of McClain-Sewer*, 39 AD3d 35 [2007]; *Matter of Ryans*, 37 AD3d 40 [2006]; *Matter of Cuber*, 19 AD3d 58 [2005]).

Accordingly, the Committee's motion pursuant to 22 NYCRR 603.4 (e) (1) (i) should be granted and respondent suspended from the practice of law, effective immediately, and until further order of this Court.

SAXE, J.P., MARLOW, SWEENY, McGUIRE and KAVANAGH, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time disciplin-

ary matters pending before the Committee have been concluded and until further order of this Court.