[850 NYS2d 420]

In the Matter of ZELDA E. STEWART, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 5, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Zelda E. Stewart was admitted to the practice of

law in the State of New York by the First Judicial Department on January 22, 1990. At all times relevant to the underlying acts of misconduct, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee (the Committee) seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iv) immediately suspending respondent from the practice of law based upon her failure to cooperate with the Committee's investigation of a disciplinary complaint against her, and her willful failure to pay money owed to a former client, which debt is demonstrated by a judgment. Respondent has not responded to the Committee's motion.

Respondent represented a plaintiff, who was injured when she fell while crossing a New York City street, in a personal injury action against the City of New York and a contractor. After timely serving a notice of claim on the City and timely commencing the action, respondent failed to respond to various discovery demands. Respondent subsequently failed to respond to defendants' motion to dismiss the complaint under CPLR 3126 and for summary judgment dismissing the complaint as against the contractor, and Supreme Court granted the motion on default.

Following the dismissal of her personal injury action, the client filed a complaint against respondent with the Committee. Respondent answered the complaint and was deposed by the Committee on March 9, 2006. Respondent remained in communication with the Committee through November 2006.

In June 2006, the client commenced a legal malpractice action against respondent. Respondent failed to appear in the action, and a default judgment in the amount of $50,000 was entered against her on November 27, 2006. Respondent's subsequent motion to vacate the default judgment was denied, and the judgment remains unsatisfied.

On August 24, 2007, the Committee sent a letter to respondent inquiring whether she had satisfied the judgment and, if not, why she had failed to do so. Respondent did not respond to the Committee's inquiry, and the Committee scheduled a deposition for October 30, 2007. Notwithstanding that she had been served with a subpoena requiring her to appear for the deposition, respondent neither appeared nor contacted the Committee. The Committee made a number of attempts in November 2007 to contact respondent to reschedule the deposition; the Committee sent respondent a certified letter and an investiga-

tor for the Committee telephoned respondent several times. Respondent failed to respond to the letter and the telephone calls went unanswered. No message could be left on respondent's answering machine since, according to the recorded message, "[t]here [w]as no room . . . to record [a] message."

Respondent's failure to cooperate with the Committee's investigation (22 NYCRR 603.4 [e] [1] [i]) and her willful failure to pay money owed to a former client, which debt is demonstrated by a judgment (22 NYCRR 603.4 [e] [1] [iv]), warrant her immediate suspension (*see Matter of Zimmerman*, 45 AD3d 212 [2007]; *Matter of McClain-Sewer*, 39 AD3d 35 [2007]; *Matter of Singer*, 301 AD2d 336 [2002]; *Matter of Adelman*, 263 AD2d 160 [1999]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law, effective immediately, until the proceedings pending before the Committee are concluded and until further order of this Court.

MAZZARELLI, J.P., ANDRIAS, GONZALEZ, CATTERSON and McGUIRE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until the further order of this Court.