[866 NYS2d 653]

In the Matter of STUART G. FISH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, November 6, 2008

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Stephen P. McGoldrick* of counsel), for petitioner.

*Stuart G. Fish,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Stuart G. Fish was admitted to the practice of

law in the State of New York by the First Judicial Department on August 27, 1984. At all times relevant to the instant proceedings, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i), (iii) and (iv), immediately suspending respondent from the practice of law until further order of the Court based upon his noncooperation with a Committee investigation, uncontested evidence of professional misconduct, and his failure or refusal to pay a judgment. Although served with the instant motion, respondent has not appeared.

The Committee's motion is based upon four complaints filed against respondent alleging that he failed to return monies owed to clients following real estate closings, including a debt reduced to a money judgment, and five dishonored check reports received from the Lawyers' Fund for Client Protection involving his attorney trust account.

On March 27, 2008, after several attempts, the Committee served respondent with a judicial subpoena directing him to appear for a deposition on April 1, 2008. Shortly before the scheduled date, respondent requested an adjournment. The Committee agreed to a brief adjournment on condition that respondent produce the requested IOLA records and answer one of the complaints by April 28, 2008. Respondent did not produce the requested materials and the Committee left him a message informing him that his deposition had been rescheduled to June 6, 2008 with no further adjournments. The message was memorialized in a May 19 letter which also advised respondent that if he failed to appear on the new date, the Committee would proceed with a motion for his interim suspension.

Respondent failed to appear for his June 6 deposition and the Committee left him repeated messages asking him to contact the Committee, but none of the messages were returned. The Committee made a final attempt to obtain respondent's cooperation by serving him with a judicial subpoena duces tecum requiring him to appear for deposition on August 20, and to produce the previously requested IOLA account records for the period at issue. Once again, respondent failed to appear or produce the requested financial records.

The Committee's motion should be granted since respondent's repeated failure to answer the complaints and his failure to comply with the judicial subpoenas "evinces a shocking disre-

gard for the judicial system . . . [which] can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" warranting his suspension pursuant to 22 NYCRR 603.4 (e) (1) (i) (*Matter of Mager*, 282 AD2d 88, 91-92 [2001]; *see also Matter of Spiegler*, 33 AD3d 187 [2006]). Respondent has also committed professional misconduct regarding the use of his attorney trust account (*Matter of Melman*, 25 AD3d 38 [2005] [interim suspension based on failure to pay clients their portion of settlements and failure to cooperate, and upon dishonored checks]; *Matter of Singer*, 301 AD2d 336 [2002] [interim suspension based upon dishonored checks and failure to cooperate]), which threatens the public interest and warrants his immediate suspension (22 NYCRR 603.4 [e] [1] [iii]; *Matter of Baumgarten*, 197 AD2d 309 [1994]). Furthermore, respondent's "willful failure or refusal to pay money owed to a client, which debt is demonstrated by . . . a judgment" provides another ground for his suspension (22 NYCRR 603.4 [e] [1] [iv]; *see Matter of Stewart*, 50 AD3d 247 [2008]; *Matter of Singer*, 301 AD2d at 337-338; *Matter of Muraskin*, 286 AD2d 186 [2001]). At this stage, we cannot conclude on this record that respondent has misappropriated/converted client funds in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (4) (22 NYCRR 1200.46, 1200.3).

Accordingly, the petition should be granted pursuant to 22 NYCRR 603.4 (e) (1) (i), (iii) and (iv), and respondent suspended from the practice of law, effective immediately, and until further order of this Court.

TOM, J.P., FRIEDMAN, BUCKLEY, ACOSTA and FREEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.