[876 NYS2d 369]

In the Matter of ROBERT J. BARSCH (Admitted as ROBERT JOSEPH BARSCH), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 26, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Vitaly Lipkansky* of counsel), for petitioner.

*Barket & Angeli, P.C.* (*Bruce A. Barket* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent, Robert J. Barsch, was admitted to the practice of law in the State of New York by the Second Judicial Department on January 18, 1989, under the name Robert Joseph Barsch. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law based upon his failure to comply with lawful demands of the Committee made in connection with its investigation of allegations of professional misconduct and uncontested evidence of professional misconduct which immediately threatens the public interest. The Committee also seeks an order pursuant to Judiciary Law § 90 (6-a) requiring respondent to make monetary restitution of funds belonging to one of his clients. Respondent has failed to cooperate with the Committee's investigation into two complaints alleging his failure to promptly return escrow funds related to two separate real estate transactions. In addition, bank records show that respondent has misappropriated client and third-party funds related to these transactions.

In July 2008, the Committee received a complaint by which it is alleged that respondent, who represented the seller and was the escrowee in the first transaction, failed to return the purchaser's $15,000 down payment for more than three months after the transaction had failed to close. The contract of sale required respondent to hold the down payment in an escrow account at HSBC Bank. Approximately one week before receiving a July 29, 2008 letter from the Committee, respondent had issued a refund check to the purchaser's attorney. The check, however, was drawn on an account at a different bank, the Hudson Valley Bank. On August 4, 2008, the Committee wrote respondent requesting a written explanation by August 18, 2008 of his issuance of the refund check from an account other than the contractually designated escrow account. By letter dated August 18, 2008, respondent requested a one-week extension of his time to respond. Having received nothing from respondent, the Committee again wrote him on September 3, 2008 advising

that it would move this Court for an order suspending him from practice based upon his failure to cooperate with its investigation. Respondent answered by a letter explaining that he had transferred the escrowed funds to the Hudson Valley Bank as a matter of convenience. Although respondent referred to supporting documentation, the same was not enclosed with his letter. When alerted to the omission, respondent requested yet another extension to review his response with counsel. By letter dated September 25, 2008, the Committee agreed to the extension conditioned upon the receipt of a notice of appearance by an attorney. Respondent never answered this letter or had an attorney appear for him.

In the interim, the Committee received from HSBC and the Hudson Valley Bank subpoenaed records pertaining to respondent's escrow accounts. Spreadsheets prepared by the Committee's accountant disclosed that respondent deposited the $15,000 down payment into the HSBC account on January 15, 2008 and that the balances of both escrow accounts fell below $15,000 on multiple occasions prior to his issuance of the refund check on July 21, 2008. Bank records further revealed that the vast majority of disbursements from the HSBC escrow account were checks payable to respondent in addition to two checks made payable to a private school. The bank records further refuted respondent's claim that he had transferred the down payment from the HSBC account to the Hudson Valley account. On or about October 7, 2008, the Committee wrote respondent citing this evidence of his misappropriation of escrow funds. The letter directed respondent to identify client disbursements on an enclosed spreadsheet and to furnish the documentation required by the Committee's previous letter. Although given until November 1, 2008, respondent never responded to this letter.

On October 29, 2008, the Committee received a second complaint from respondent's client, the contract purchaser in another real estate transaction. The client had paid over to respondent the purchase price of $395,000 which was deposited into a second Hudson Valley Bank account. On or about October 10, 2008, when the seller demanded payment, respondent admitted to his client that he had misappropriated $220,000 of the deposited funds. Respondent then transferred the balance of approximately $175,000 to the client. By e-mail to the client dated October 13, 2008, respondent proposed terms for a refund of the misappropriated money within one year. Upon respondent's failure to live up to the agreement, the client filed a complaint

with the Committee as well as the Lawyers' Fund for Client Protection. On or about November 10, 2008, the Committee served respondent with a copy of the complaint and a subpoena duces tecum for the relevant escrow account records. Respondent has not responded to either. The records of respondent's two Hudson Valley Bank accounts reveal transfers from the second account to the first, including funds sufficient to cover the $15,000 refund which was issued in connection with the first complaint against respondent.

The Committee's motion for an interim suspension should be granted since respondent's failure to comply with the Committee's lawful request for documentation, to respond to its subpoena and to answer the second complaint evinces a shocking disregard for the judicial system which can only be interpreted as a deliberate and wilful attempt to impede the Committee's investigation. Accordingly, suspension pursuant to 22 NYCRR 603.4 (e) (1) (i) is warranted (*see Matter of Fish*, 57 AD3d 112 [2008]). An interim suspension is also warranted by the threat to the public interest posed by respondent's professional misconduct regarding the use of his attorney trust account (22 NYCRR 603.4 [e] [1] [iii]; *see Matter of Melman*, 25 AD3d 38 [2005]). At the present stage of this proceeding the application for an order of restitution pursuant to Judiciary Law § 90 (6-a) should be denied.

Accordingly, the Committee's motion should be granted to the extent provided by 22 NYCRR 603.4 (e) (1) (i) and (iii) and respondent immediately suspended from the practice of law, and until further order of this Court, and the motion otherwise denied.

ANDRIAS, J.P., BUCKLEY, SWEENY, McGUIRE and DEGRASSE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court. Motion otherwise denied, as indicated.