[924 NYS2d 338]

In the Matter of JORDAN W. KAPCHAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 31, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Michael A. Gentile*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jordan W. Kapchan was admitted to the practice of law in New York State by the First Judicial Department on April 16, 1984. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within this Department.

According to the Departmental Disciplinary Committee, for the past 20 years, respondent has acted as attorney, title closer and/or settlement agent in hundreds of real estate closings. Some of the responsibilities of a settlement agent are to ensure that the mortgage lender's instructions have been followed, to receive and disburse funds, and to accurately complete a HUD-1 settlement statement, which is an itemized list of the costs and fees associated with the closings and disbursements of loan proceeds.

Around 2007-2008, the Suffolk County District Attorney opened a mortgage fraud investigation focusing on fraudulent mortgages where the settlement agents falsely verified the information provided on the HUD-1 statements. In a sworn statement given to the Suffolk County District Attorney dated December 5, 2008, respondent implicated himself and others in mortgage fraud and, on March 20, 2009, he gave grand jury testimony, all of which led to the indictments of Arthur Cockett, an unlicensed mortgage broker, and Walter Crawford, the person who forwarded the loan transactions to Cockett. Crawford pleaded guilty, and Cockett went to trial. Pursuant to an immunity agreement, respondent testified at Cockett's trial and recounted the specifics of their various fraudulent mortgage transactions. Cockett was convicted of grand larceny, criminal possession of a forged instrument, scheme to defraud and falsifying business records.

Respondent is currently under investigation by the United States Attorney's Office for the Southern District of New York in connection with a federal investigation of mortgage fraud. Thus, respondent invoked his Fifth Amendment right against self-incrimination when he appeared before the Disciplinary Committee on February 8, 2011. During his testimony at Cockett's trial, however, respondent admitted that he aided Cockett in perpetrating mortgage fraud with respect to real property in West Babylon, Mastic Beach, and Freeport, New York. He

conceded that he knowingly prepared and submitted to lenders HUD-1 statements containing false information that Cockett provided to him in order to hide unauthorized disbursements and other falsehoods. He further admitted that had the lenders known how he and Cockett were diverting the loan proceeds, the mortgages would not have been funded.

The Committee now seeks respondent's immediate suspension from the practice of law pending resolution of disciplinary proceedings on the grounds that his conduct immediately threatens the public interest (22 NYCRR 603.4 [e] [1]; *Matter of Crispino*, 250 AD2d 24 [1998]). Section 603.4 (e) (1) of the Rules of this Court provides that

> "An attorney who is the subject of an investigation, or of charges by the Departmental Disciplinary Committee of professional misconduct . . . may be suspended from the practice of law, pending consideration of the charges against the attorney, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding shall be based upon . . .

> "(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct, or

> "(iii) other uncontested evidence of professional misconduct."

The Committee has demonstrated through respondent's own substantial admissions under oath that he has committed acts of professional misconduct posing an immediate threat to the public interest. The Committee additionally argues that a separate ground for suspension is, that because an adverse inference may be drawn from respondent's invocation of his Fifth Amendment privilege against self-incrimination during his deposition, this qualifies as "uncontested evidence of professional misconduct" under 22 NYCRR 603.4 (e) (1) (iii). While this Court has previously drawn an inference against attorneys who have invoked the Fifth Amendment privilege (*see Matter of Zuber*, 71 AD3d 170 [2010]; *Matter of Snyder*, 71 AD3d 140 [2010]; *Matter of Muraskin*, 286 AD2d 186 [2001]), we have done so in conjunction with other misconduct which, together, formed a basis for "uncontested evidence of professional misconduct." Thus, merely invoking one's Fifth Amendment right against self-incrimination should not serve as a separate ground for an interim suspension.

Accordingly, the Committee's motion is granted to the extent of immediately suspending respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii), until such time as the disciplinary proceedings against respondent are concluded and until further order of this Court.

TOM, J.P., MAZZARELLI, ACOSTA, DEGRASSE and ROMÁN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.