[942 NYS2d 101]

In the Matter of BRIAN H. REIS (Admitted as BRIAN HOWARD REIS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 17, 2012

## APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu* of counsel), for petitioner.

*Bachner & Associates, P.C. (Michael Bachner* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on March 2, 1992, under the name Brian Howard Reis. At the times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii) immediately suspending respondent from the practice of law until further order of this Court based upon his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct and other uncontested evidence of misconduct which immediately threatens the public interest.

The Committee opened a sua sponte investigation into respondent's professional conduct based upon an August 27, 2010 notice from the Lawyer's Fund for Client Protection stating that a check in the amount of $2,000 from his escrow account had been dishonored due to insufficient funds. Respondent was given a copy of this notice and asked to provide an explanation and his bank records and bookkeeping ledgers pertaining to his business and escrow accounts. Despite several extensions of time, he did not answer the complaint or turn over the requested documents.

In April 2011, an attorney filed a disciplinary complaint alleging that respondent had converted $125,000 which the attorney had wired into respondent's escrow account in connection with the settlement of an action entitled *Norman D. Schwartz v FTB Corp. et al.* (Sup Ct, NY County). Respondent's client, Schwartz, repeatedly demanded the $125,000, but respondent only made payments totaling $33,500.

By court-ordered subpoena, the Committee obtained the bank records for respondent's escrow account for the period of January 2011 to August 2011. The records show that as of April 1, 2011, the escrow account had a balance of $7.66, which increased to $125,007.77 upon receipt of the Schwartz settlement funds. Three days later, respondent wired $100,000 to an individual named "Eva Crudo." Although there were some deposits and respondent did pay Schwartz $32,000 during that month, by the end of April 2011 the escrow account's balance was $32.66.

In August 2011, Michael Ruggiero filed a complaint with the Committee alleging that respondent had converted $22,500 of settlement funds which had been wired into respondent's escrow account. Despite repeated demands by Ruggiero and his new counsel, Ruggiero has not received his share of the $22,500.

Respondent's bank records show that on January 10, 2011, the $22,500 was wired into his escrow account. An additional $14,999 was deposited that day. However, by the next day the balance fell to approximately $8,000. The bank records also show that during the relevant periods with respect to Schwartz and Ruggiero, respondent made numerous wire transfers to "Maureen Reis" and numerous debits which appear to be cash withdrawals.

In July 2011, Howard Shapiro filed a complaint alleging that respondent failed to pay a $755.98 judgment. In August 2011, an attorney filed a complaint on behalf of Vanessa Forcina based upon respondent's failure to pay a $8,666.03 judgment. That month, Ron Ison filed a complaint against respondent alleging incompetent representation, conflict of interest and unearned legal fees.

Notwithstanding several written requests for answers and promises that he would answer, respondent has not responded to the allegations raised in any of these complaints. He also failed to comply with a subpoena directing him to appear for a deposition on August 1, 2011 and to produce his escrow account records. Respondent then sought to resign but would not set forth the nature of his misconduct with specificity as required by 22 NYCRR 603.11, and therefore, the Committee would not recommend to this Court that it should accept the resignation affidavit.

By letter dated December 5, 2011, respondent's attorney advised the Committee that his client would be asserting his Fifth Amendment privilege against self-incrimination under both the State and Federal Constitutions, and "thus will respectfully decline your request that he answer the complaints." On December 13, 2011, respondent was served with another subpoena which directed his appearance on December 29, 2011, and for him to produce his bank records and ledgers for his escrow account. Respondent did not comply.

The Committee's motion for an interim suspension should be granted. Respondent has failed to comply with the Committee's lawful request for documentation, to respond to its subpoenas and to answer multiple complaints, which can only be inter-

preted as a deliberate and willful noncompliance with the Committee's investigation, warranting immediate suspension pursuant to 22 NYCRR 603.4 (e) (1) (i) (*see Matter of Maruggi*, 87 AD3d 201 [2011]; *Matter of Fish*, 57 AD3d 112 [2008]). An interim suspension is also warranted by the uncontested evidence of the threat to the public interest posed by respondent's professional misconduct regarding the use of his attorney trust account (22 NYCRR 603.4 [e] [1] [iii]; *see Matter of Kennedy*, 87 AD3d 107 [2011]; *Matter of Melman*, 25 AD3d 38 [2005]).

Although an attorney cannot be suspended on an interim basis solely for asserting his Fifth Amendment right against self-incrimination (*see Matter of Kapchan*, 86 AD3d 110, 112 [2011]), he cannot assert such a right merely to avoid production of records or documents which an attorney is required to maintain pursuant to the New York Rules of Professional Conduct (*Matter of Grand Jury Subpoena Duces Tecum Dated Dec. 14, 1984*, 69 NY2d 232, 242 [1987] *cert denied sub nom. Y & X v Kuriansky*, 482 US 928 [1987]; *see also Matter of Kaye*, 194 AD2d 99, 100-101 [1993] [attorney who submitted letter asserting his Fifth Amendment rights in response to allegations of stealing funds immediately suspended where "commingling of client funds with personal funds, conversion of such funds for personal use, and failure to account, are examples of serious professional misconduct"]). Further, this Court has held that an adverse inference may be drawn from a respondent's invocation of the Fifth Amendment privilege against self-incrimination, and there is no reason not to draw such an inference here (*see Matter of Boter*, 46 AD3d 1, 7 [2007]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), effective immediately, and until further order of this Court.

GONZALEZ, P.J., TOM, ANDRIAS, ACOSTA and FREEDMAN, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.