[945 NYS2d 72]

In the Matter of JOHN P. HARRIS, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 24, 2012

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Orlando Reyes* of counsel), for petitioner. *John P. Harris*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent John P. Harris was admitted to the practice of

law in the State of New York by the First Judicial Department on March 15, 1988. At all times relevant to this proceeding he has maintained a law office within this Department.

The Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), immediately suspending respondent from the practice of law until further order of the Court, due to his failure to cooperate with the Committee's investigation into charges of professional misconduct that immediately threatens the public interest.

The Committee's investigation into respondent's conduct began in February 2011 when it received a complaint from one of respondent's clients who complained that respondent appeared to have misappropriated down payment funds respondent held in his escrow account on behalf of the client, who was the seller in a real estate transaction. The client's complaint was forwarded to respondent in February 2011, and in May 2011, he was sent a subpoena requesting his appearance and the production of documents. Respondent replied with letters declining to respond, relying on his privilege under the Fifth Amendment of the US Constitution. The Committee advised respondent that a negative inference may be drawn by this Court from an invocation of the Fifth Amendment, and that a failure to cooperate with a Committee investigation warrants immediate suspension pursuant to 22 NYCRR 603.4 (e) (1) (i). In October 2011 respondent again declined to appear and to produce the records sought by the Committee.

The Committee then obtained, directly from respondent's bank, records of his escrow account and business account, which records indicate that by the time of the closing on the client's real estate transaction, respondent had already transferred over $40,000 of the $115,000 down payment funds into his business account, much of which appear to have been used for his personal expenses.

The Committee's present motion to suspend respondent from the practice of law pending formal consideration of the charges of professional misconduct is granted. Pursuant to 22 NYCRR 603.4 (e) (1), this Court may suspend an attorney from the practice of law pending consideration of charges of professional misconduct, upon a finding that the attorney is guilty of professional misconduct immediately threatening the public interest. Such a finding may be based upon "the attorney's failure . . . to comply with any lawful demand of this court or the Departmental Disciplinary Committee made in connection with any

investigation" (22 NYCRR 603.4 [e] [1] [i]), or "other uncontested evidence of professional misconduct" (22 NYCRR 603.4 [e] [1] [iii]).

Respondent's failure to answer the complaint, to appear for examination under oath or produce the ledgers and bank records he is required by law to maintain, constitutes willful noncompliance with a Committee investigation warranting immediate suspension (*see Matter of Maruggi*, 87 AD3d 201 [2011]; *Matter of Bautista*, 78 AD3d 75 [2010]). In addition, while the inference from respondent's invocation of his Fifth Amendment privilege may not alone permit a finding of misconduct (*see Matter of Kapchan*, 86 AD3d 110, 112 [2011]), the bank records obtained by the Committee together with that inference sufficiently demonstrate that respondent engaged in professional misconduct by misappropriating or converting escrow funds, such as warrants his immediate suspension from the practice of law (*see* 22 NYCRR 603.4 [e] [1] [iii]; *Matter of Kennedy*, 87 AD3d 107 [2011]; *Matter of Zuber*, 71 AD3d 170 [2010]). Further, respondent has failed to file his attorney registration statement and pay the required fees for the 2010/2011 biennial period (*see Matter of Auslander*, 74 AD3d 93, 96 [2010]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iii), effective immediately, and until further order of this Court.

GONZALEZ, P.J., TOM, MAZZARELLI, ANDRIAS and SAXE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.