[644 NYS2d 966]

In the Matter of ANTOINETTE HOLMES (Admitted as ANTOINETTE McLAUGHLIN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 25, 1996

### APPEARANCES OF COUNSEL

*Naomi F. Goldstein* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Antoinette Holmes was admitted to the practice of law in the State of New York by the Second Judicial Depart-

ment on October 13, 1965, under the name Antoinette Mc-Laughlin. At all times relevant to this proceeding, respondent has maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii) immediately suspending respondent from the practice of law until further order of this Court due to her repeated failure to comply with lawful demands of the Committee; substantial admissions under oath that she has committed acts of professional misconduct; and other uncontroverted evidence of professional misconduct. Respondent has appeared in this proceeding but has not responded to the instant petition.

Petitioner has demonstrated that respondent, in connection with four separate matters, has committed numerous acts of professional misconduct that warrant immediate suspension. In three matters, checks issued by respondent on various escrow accounts were dishonored. In one matter, the checks totalled $25,000, while in each of two matters the dishonored checks totalled $300,000. In a fourth matter, an elderly client who had given respondent power of attorney over accounts in excess of $300,000 found that respondent had withdrawn virtually all of the money. In connection with all four matters, respondent has failed to comply with petitioner's requests to produce complete records and account for the missing funds. Respondent has admitted in sworn depositions that she has intentionally commingled escrow funds (in violation of Code of Professional Responsibility DR 1-102 [A] [4] and DR 9-102 [B] [22 NYCRR 1200.3, 1200.46]); she also admitted to one of the affected parties that she had stolen the money to invest in her husband's business. In two of the matters described, a criminal investigation is pending.

These instances of professional misconduct immediately threaten the public interest and warrant immediate suspension.

Accordingly, the petition seeking an order pursuant to 22 NYCRR 603.4 (e) (1) (i), (ii) and (iii) immediately suspending respondent from the practice of law until further order of this Court should be granted.

MURPHY, P. J., MILONAS, ELLERIN, KUPFERMAN and NARDELLI, JJ., concur.

Application granted, and respondent suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until the further order of this Court.