[812 NYS2d 43]

In the Matter of ISRAEL G. GROSSMAN (Admitted as ISRAEL GED-ALIAH GROSSMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 23, 2006

## APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Richard M. Maltz, PLLC*, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Israel Grossman was admitted to the practice of law in the State of New York by the Second Judicial Department on May 2, 1979, under the name Israel Gedaliah Grossman.

On January 26, 1988, this Court disbarred him based upon a felony conviction involving securities fraud and mail fraud (*see Matter of Grossman*, 135 AD2d 1 [1988]). The respondent subsequently made two applications for reinstatement to the practice of law. His first application was denied in 1996. By order entered May 22, 2003, his second application was granted (*Matter of Grossman*, 305 AD2d 295 [2003]).

The Departmental Disciplinary Committee seeks an order immediately suspending respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (iii) on the basis of clear evidence of professional misconduct which threatens the public interest. The alleged misconduct has occurred during the period of respondent's disbarment but did not involve unauthorized practice of law. Instead, the record reveals a pattern of deceit on a number of applications for regulatory licenses, and employment contracts, in which respondent lied about his disbarment and the circumstances leading up to it.

More importantly, respondent made materially false statements and material omissions in his 2001 verified reinstatement application to this Court in violation of Code of Professional Responsibility DR 1-101 (a) and DR 1-102 (a) (4), (5) and (7) (22 NYCRR 1200.2, 1200.3). For example, paragraph 26 of the reinstatement questionnaire asks an applicant to list if he/she has "been the subject of" "governmental investigations" since the time of discipline to indicate if any investigation resulted in charges or a complaint being brought. In response to this question, respondent stated "[s]ince my disbarment, I have not been the subject of any governmental investigation." However, the record reveals that the New York State Insurance Department investigated a license application submitted by the respondent and found that he "knowingly failed to reveal his conviction" on that application. In addition, the National Association of Securities Dealers (NASD) had commenced an investigation of a U-4 application respondent had filed with it, which did not reveal his conviction, an omission which the Committee asserts could have resulted in a felony conviction.

Two months after respondent applied for reinstatement, he was arrested and formally charged with having committed the felony with respect to the NASD application. He did not reveal any of these developments during the reinstatement process.

The Committee has presented clear evidence of respondent's professional misconduct which immediately threatens the public interest. We have consistently held that immediate suspension is the appropriate sanction under these circumstances (*Matter of Tannenbaum*, 16 AD3d 66 [2005]).

Accordingly, the Committee's motion to suspend respondent from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (iii) should be granted, and respondent suspended from the practice of law, effective immediately, until such time as disciplinary proceedings against respondent are concluded, and until further order of this Court.

TOM, J.P., MAZZARELLI, NARDELLI, GONZALEZ and MALONE, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary proceedings against respondent have been concluded and until further order of this Court.