[877 NYS2d 272]

In the Matter of DAVID G. IGNACIO (Admitted as DAVID GOMEZ IGNACIO, JR.), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, April 14, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent David G. Ignacio was admitted to the practice of law in the State of New York by the Second Judicial Department on September 17, 1997 under the name David Gomez Ignacio, Jr. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

By order of this Court, respondent was suspended from the practice of law effective March 6, 2008 for failure to register and pay his registration fees for the four biennial registration periods commencing in 2000 and ending in 2008 in violation of Judiciary Law § 468-a. The Departmental Disciplinary Committee opened an investigation into respondent's conduct after notice was received from the Lawyers' Fund for Client Protection that two checks drawn on his IOLA account, one for $355 and the other for $204.83, had been dishonored for insufficient funds. Respondent failed to submit either the requisite bookkeeping records (Code of Professional Responsibility DR 9-102 [d] [22 NYCRR 1200.46]) or a written response explaining why the checks had been dishonored, despite the Committee's direction. It was then learned that respondent had improperly appeared as counsel for a client more than a month after the effective date of his suspension. He was specifically advised, by telephone, that he was prohibited from practicing law until such time as his reinstatement was ordered by this Court. At that time, respondent claimed he was unaware he had been suspended.

On May 2, 2008, respondent paid all outstanding registration fees to the Office of Court Administration. However, he did not file the necessary application for reinstatement.

After repeated failure to respond to the Committee's letters seeking respondent's bookkeeping records and a written explanation for the dishonored checks, respondent was issued a subpoena to appear for a deposition and copies of checks deposited into his IOLA account were obtained from his bank via subpoena. At his deposition, respondent identified five clients that he is currently representing in spite of his suspension from practice, including one who retained him the day after he was reminded of the prohibition against practicing law and the necessity of moving for reinstatement. Respondent fur-

ther admitted that he had failed to provide written retainer agreements to three matrimonial clients.

Respondent received a December 2007 admonition from the Committee for the careless monitoring and misuse of his IOLA account dating back to 2005. Notwithstanding, respondent testified that he deposited both client and personal funds into his IOLA account and maintained absolutely no bookkeeping records. Respondent does not know either the balance of his IOLA account or the source of its funds; nor can he explain the purpose of a particular withdrawal or disbursement. Respondent further admitted writing checks against funds that may or may not represent legal fees for his personal or business use.

The Committee now seeks an order immediately suspending respondent from the practice of law until further order of the Court due to his substantial admissions under oath of professional misconduct that immediately threatens the public interest (22 NYCRR 603.4 [e] [1] [ii]). Respondent pro se has been served with the Committee's motion but has not submitted any response.

A respondent may be suspended from the practice of law pending consideration of charges against him upon a finding, which may be based on admissions under oath, that the attorney is guilty of professional misconduct immediately threatening the public interest (22 NYCRR 603.4 [e] [1] [ii]). This Court agrees that respondent's admissions constitute ample evidence, thus far uncontested, that he has engaged in serious violations of the Lawyer's Code of Professional Responsibility by, among other things, engaging in the unauthorized practice of law, commingling client funds with personal funds, disbursing client funds for personal or business purposes and failing to keep appropriate escrow records in violation of DR 1-102 (a) (3) and (5) (22 NYCRR 1200.3) and DR 9-102 (a), (b) and (d). Respondent's misconduct threatens the public interest and warrants his immediate suspension (*see Matter of Armenakis*, 58 AD3d 222 [2008] [admission during deposition to mismanagement of escrow account, failure to maintain proper escrow records, repeated overdrafts, depositing personal funds into escrow account and conversion of escrow funds warranting interim suspension]; *Matter of Holmes*, 223 AD2d 197 [1996] [escrow checks dishonored and admission to, inter alia, commingling escrow funds]; *Matter of Baumgarten*, 197 AD2d 309 [1994] [admission to commingling client funds]).

Accordingly, the Committee's motion should be granted to the extent that respondent's suspension from the practice of law in

the State of New York is continued in accordance with 22 NYCRR 603.4 (e) (1) (ii) until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

Tom, J.P., Andrias, Nardelli, Buckley and DeGrasse, JJ., concur.

Respondent's suspension as an attorney at law in the State of New York continued, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.