[890 NYS2d 825]

In the Matter of DAVID G. IGNACIO (Admitted as DAVID GOMEZ IGNACIO, JR.), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 29, 2009

**APPEARANCES OF COUNSEL**

*Alan W. Friedberg, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent David G. Ignacio was admitted to the practice of law in the State of New York by the Second Judicial Department on September 17, 1997 under the name David Gomez Ignacio, Jr. At all times relevant to this petition, respondent has maintained an office for the practice of law within the First Judicial Department.

Respondent is subject to an order of interim suspension from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) based upon his substantial admissions, under oath, that he engaged in the unauthorized practice of law while under suspension for failing to maintain his registration; that he failed to keep the bookkeeping records required for his IOLA account; and that he otherwise misused his IOLA account by issuing checks to cash and commingling personal funds with client funds (63 AD3d 83 [2009]).

The Departmental Disciplinary Committee now seeks an order disbarring respondent on the ground that he has been suspended pursuant to 22 NYCRR 603.4 (e) (1) (ii) and has failed to appear or apply in writing for a hearing or reinstatement for a period of six months after April 14, 2009, the date of the interim suspension, as provided in 22 NYCRR 603.4 (g). Although respondent pro se was served with this motion by first class and certified mail addressed to his last known law office, no response has been received. Respondent's intransigence warrants the grant of the Committee's motion based upon his failure to timely appear or to apply for a hearing or for reinstatement (*Matter of Johnson*, 22 AD3d 106 [2005]).

Accordingly, the Committee's motion should be granted pursuant to 22 NYCRR 603.4 (g) and respondent's name stricken from the roll of attorneys in the State of New York, effective immediately.

Tom, J.P., Andrias, Nardelli, Buckley and DeGrasse, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.