[928 NYS2d 249]

In the Matter of JAMES J. HARRINGTON, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 14, 2011

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Scott D. Smith* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent James J. Harrington was admitted to the practice of law in the State of New York by the Second Judicial Department on December 24, 1964. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department. Respondent's most recent registration with the Office of Court Administration (OCA) lists a business address in Newport, Rhode Island, and his registration fee was waived, indicating that he certified he is retired from the practice of law.

The Departmental Disciplinary Committee is now seeking an order, pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iv), immediately suspending respondent from the practice of law until further order of the Court because of his noncooperation with a Committee investigation into his professional conduct and his failure or refusal to pay a judgment. Respondent has not responded to this motion.

The events leading up to this motion concern PPX International, Inc. (PPX), an entity controlled by Edward Chalpin. PPX retained respondent in 2003 and 2004 for litigation services on two matters. PPX paid respondent flat fees for both cases totaling $12,500. A billing dispute subsequently arose between them and, in 2005, Chalpin filed a complaint against respondent alleging that respondent neglected the cases. As this was a fee dispute, the Committee closed its investigation and referred the dispute to arbitration.

On December 17, 2007, an arbitration panel found "by a preponderance of the evidence presented by the parties that the client is entitled to a refund of $9500.00 by the attorney" and issued an arbitration award in that amount in favor of PPX International and against Harrington Henry, LLP, respondent's firm. On March 14, 2008, the Civil Court of the City of New York, New York County, granted, on default, PPX's petition to confirm the arbitration award, together with interest from December 19 (*sic*), 2007.

On April 4, 2008, Chalpin filed a second disciplinary complaint against respondent alleging that he was unable to collect the arbitration award. In his answer to the complaint dated May 20, 2008, respondent indicated that he would provide evidence to the Civil Court that Chalpin had given perjured testimony,

relying on a November 6, 2006 memorandum and decision of United States District Court Judge Lewis Kaplan who found Chalpin's testimony evasive and not credible, in part, in *Experience Hendrix, LLC v Chalpin* (461 F Supp 2d 165 [SD NY 2006]). Respondent was not involved in that litigation.

On June 6, 2008, respondent filed an order to show cause in Civil Court seeking to vacate the March 14, 2008 order confirming the $9,500 arbitration award. Respondent raised similar credibility issues regarding Chalpin. The court granted the order to show cause to the extent of staying the execution of the March 14 order, pending a hearing and determination of the motion to vacate on June 17, 2008.

Because of respondent's incomplete answer to Chalpin's April 2008 complaint, by letter dated July 7, 2008, the Committee requested specific information from respondent related to the two PPX cases, as well as an update on his motion to vacate the default judgment. The Committee warned respondent that failure to pay a judgment could be grounds for an interim suspension. By letter dated July 17, 2008, respondent provided the specific information requested. As to his motion to vacate the default judgment, respondent explained that, on the return date of the motion, the parties entered into a stipulation wherein PPX agreed to vacate the default judgment and respondent agreed to accept service of PPX's petition to confirm the arbitration award. Respondent answered, asserted six affirmative defenses and numerous objections. By decision and order dated October 27, 2008, Civil Court Judge Jeffrey Oing granted PPX's motion to confirm the $9,500 award, with interest from December 17, 2007. Respondent moved for renewal and reargument and, after he defaulted, the court denied the motion.

On February 11, 2009, the Clerk of the Civil Court entered a civil judgment in favor of PPX and against Harrington Henry LLP (respondent's firm) for $9,500 plus $988.53 in interest, for a total of $10,488.53.

On March 24, 2009, the Committee wrote respondent requesting copies of documents related to the original arbitration, his motion to reargue, his appeal of the February 11, 2009 judgment and to provide dates that he would be available for a deposition. In a letter dated March 30, 2009, respondent answered in a condescending tone. For example, in response to the Committee's notice in its March 24 letter that his failure to cooperate would result in a judicial subpoena compelling his attendance at a deposition, respondent wrote, "Wow. A **judicial**

subpoena! Perhaps you expect us to be concerned. Prepare to be disappointed."

On April 1, 2009, the Committee wrote back, noting that respondent's insulting and patronizing tone called into question his fitness to practice law and again asked him to schedule a deposition. On April 13, 2009, respondent wrote then Chief Counsel Alan Friedberg, insulting Committee staff and stating that he would only communicate further with a new staff attorney.

On May 5, 2009, the Appellate Term affirmed Judge Oing's October 27, 2008 order. By order entered December 29, 2009, this Court denied respondent's motion for leave to appeal to this Court from the decision and order of the Appellate Term.

For the next year, the Committee had difficulty contacting respondent, primarily because he relocated to Rhode Island without advising the Committee or OCA of his change of addresses even though Judiciary Law § 468-a (2), requires attorneys to notify OCA of address and telephone changes within 30 days. On August 24, 2010, a Committee investigator attempted to serve a judicial subpoena on respondent at his last known business address, 305 Madison Avenue, New York, NY. When the investigator went there, he discovered it was a mail and telephone service that could not accept any legal papers. Next, on August 31, 2010, when the investigator went to respondent's last known home address, in Manhattan, the building superintendent informed him that, although respondent owned the apartment, he did not live there. The superintendent gave respondent's purported cell phone number to the investigator who left numerous telephone messages for the respondent without receiving any response. On September 21, 2010, the Committee sent a letter to the 305 Madison Avenue address informing respondent of the efforts to serve him with a subpoena and warning him that a failure to cooperate constituted professional misconduct under 22 NYCRR 603.4 (e) (1) (i).

The Committee wrote to respondent at his new address in Rhode Island on December 9, 2010. On December 30, 2010, respondent wrote the Committee, but did not address the Committee's attempts to locate him or suggest a date for his deposition. Rather, he stated, "[i]f you are still wasting your time and money on the alleged complaint of that deadbeat perjurer, 'Edward Chalpin,' here is more reading material," and attached a copy of Judge Kaplan's decision in the *Hendrix* litigation.

On January 7, 2011, the Committee wrote respondent, reminding him of the $10,488.53 judgment he had failed to

satisfy; that an attorney can be suspended for failure to pay a client's judgment against him; that respondent had still not appeared for a deposition and, if he did not comply within 20 days, the Committee would seek his suspension. On January 14, 2011, respondent replied, stating that he did not know of any judgment that was entered against him and requesting a copy of the judgment, notice of entry and proof of service.

Pursuant to respondent's request, on January 27, 2011, the Committee sent respondent a copy of Judge Oing's October 27, 2008 order confirming PPX's arbitration award; the February 11, 2009 Civil Court judgment for $10,488.53 in favor of PPX against respondent, and the Appellate Term's May 5, 2009 order affirming Judge Oing's order. The Committee wrote further that if respondent did not provide proof within 20 days that he had satisfied the judgment, the Committee would move for his suspension.

According to the Committee, to date, respondent has not satisfied the judgment or explained to the Committee why he has not complied with its requests.

The Committee alleges that respondent's repeated failure to cooperate fully with the Committee's investigation, including hindering service of a judicial subpoena "evinces a shocking disregard for the judicial system . . . [that] can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" and warrants his suspension pursuant to 22 NYCRR 603.4 (e) (1) (i) (*Matter of Mager*, 282 AD2d 88, 91-92 [2001]; *Matter of Spiegler*, 33 AD3d 187 [2006]). Further, although it is unclear when respondent moved to Rhode Island, and the Committee did not learn of his new Rhode Island address until December 2010, respondent did not update his OCA registration to reflect the change until March 2011, in violation of Judiciary Law § 468-a (2).

The Committee avers that another ground for an interim suspension is the uncontested evidence that respondent failed to satisfy his former client PPX International, Inc.'s judgment for $10,488.53. Respondent's "willful failure or refusal to pay money owed to a client, which debt is demonstrated by an admission, a judgment, or other clear and convincing evidence" also supports immediate suspension (22 NYCRR 603.4 [e] [1] [iv]; *see Matter of Stewart*, 50 AD3d 247 [2008]; *Matter of Singer*, 301 AD2d 336 [2002]; *Matter of Muraskin*, 286 AD2d 186 [2001]).

This Court has held repeatedly that misconduct similar to respondent's immediately threatens the public interest and warrants an interim suspension.

Accordingly, the motion is granted, and respondent is suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iv), effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

MAZZARELLI, J.P., ANDRIAS, MOSKOWITZ, RICHTER and ABDUS-SALAAM, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.