[976 NYS2d 380]

In the Matter of ORITSEWEYIMI O. AYU, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 12, 2013

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy Wu* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Oritseweyimi O. Ayu was admitted to the practice of law in the State of New York by the First Judicial Department on May 12, 2009. Although respondent's address listed with the Office of Court Administration is "Supreme Law Group, P.C.," with an address within the First Department, it appears that, at all times relevant to this proceeding, his business addresses have been in various locations in Maryland, where he resides.

The Departmental Disciplinary Committee moves for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (ii) and (iii), immediately suspending respondent from the practice of law until further order of the Court, based on substantial admissions made under oath that he has committed an act or acts of professional misconduct and upon other uncontested evidence of professional misconduct. The relief sought is based upon respondent having engaged in multiple acts of sexual misconduct in Maryland between 1999 and 2010, some of which resulted in convictions; his admissions under oath that he was not truthful in a prior deposition before the Committee and in his law school and New York State bar applications; and his impersonating another attorney and engaging in the unauthorized practice of law in courts where he is not admitted. Respondent has not opposed the motion.

Pursuant to 22 NYCRR 603.4 (e) (1), this Court may order the immediate suspension of an attorney from the practice of law on an interim basis, upon a finding that the attorney is guilty of professional misconduct *immediately threatening the public interest*, based on "(ii) a substantial admission under oath that the attorney has committed an act or acts of professional misconduct[,] or (iii) other uncontested evidence of professional misconduct." Under the circumstances presented, including respondent's admitted dishonesty under oath and in his law school and New York bar admission applications, and the uncontroverted evidence of his unauthorized practice of law, we find that respondent's professional misconduct establishes that it is in the public interest to impose the immediate suspension sought by the Committee (*see Matter of Riley*, 102 AD3d 109 [1st Dept 2012]; *Matter of Ignacio*, 63 AD3d 83 [1st Dept 2009];

*Matter of Grossman*, 29 AD3d 85 [1st Dept 2006], *appeal dismissed* 10 NY3d 950 [2008]).

Accordingly, the Committee's motion should be granted and respondent suspended from the practice of law pursuant to 22 NYCRR 603.4 (e) (1) (ii) and (iii), effective immediately, and until further order of this Court.

ANDRIAS, J.P., SWEENY, RENWICK, FEINMAN and CLARK, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded and until further order of this Court.