[988 NYS2d 498]

In the Matter of INGRID L. SEABORN (Admitted as INGRID LYNN SEABORN), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 3, 2014

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Kathy W. Parrino* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Ingrid L. Seaborn was admitted to the practice of law in the State of New York by the First Judicial Department on January 14, 2002, under the name Ingrid Lynn Seaborn. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department. Respondent, pro se, has not appeared in this proceeding.

The Departmental Disciplinary Committee seeks an order disbarring respondent, pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (g), because she has been suspended under 22 NYCRR 603.4 (e) (1) (i) and has not appeared or applied to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension, which was October 24, 2013. We suspended respondent from the practice of law for her failure to cooperate with the Committee's investigation into four complaints of professional misconduct (111 AD3d 215 [1st Dept 2013]).[1] Respondent initially answered the complaints and claimed that a serious, undiagnosed illness impaired her capacity to work. However, she subsequently failed to respond to the Committee's requests for documentation regarding her illness, comply with a subpoena duces tecum directing her to appear for a deposition, or respond to additional notices (id.).

The Committee served respondent with the instant motion by first-class and certified mail, return receipt requested, to her last known business and residential addresses, yet she has not submitted a response.[2] Because more than six months have elapsed since this Court's October 24, 2013 order of suspension, and respondent has not sought a hearing or reinstatement, disbarment is warranted (see Matter of Bruzdziak, 111 AD3d 118 [1st Dept 2013]; Matter of Way, 109 AD3d 148 [1st Dept

---

1. All four complaints alleged neglect of client matters, "with one complaint also alleging incompetent representation" (111 AD3d at 216).

2. According to records of the Office of Court Administration (OCA), respondent's attorney registration is delinquent for the 2012-2013 and 2014-2015 biennial periods, and she has not advised OCA of any change to her business and/or residential addresses as required by Judiciary Law § 468-a (2). Previous notices sent by the Committee to respondent—including a notice of entry of this Court's order of suspension, mailed on October 29, 2013—were either not returned, returned as unclaimed, or signed for by someone other than respondent.

2013]; *Matter of Mainiero*, 109 AD3d 133 [1st Dept 2013]; *Matter of McGraw*, 107 AD3d 83 [1st Dept 2013]).

Accordingly, the Committee's motion to disbar respondent pursuant to 22 NYCRR 603.4 (g) is granted and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

MAZZARELLI, J.P., ACOSTA, DEGRASSE, FREEDMAN and RICHTER, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.