[3 NYS3d 572]

In the Matter of GWEN E. SNORTELAND (Admitted as GWEN ELIZABETH SNORTELAND), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 12, 2015

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Gwen E. Snorteland,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on May 19, 2005, under the name Gwen Elizabeth Snorteland. While respondent does not maintain a law office in this Department, jurisdiction attaches based upon her admission within the First Judicial Department (Rules of App Div, 1st Dept [22 NYCRR] § 603.1).

The Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.4 (g), disbarring respondent from the practice of law, because she was suspended under 22 NYCRR 603.4 (e) (1) (i) and did not appear or apply to the Committee or this Court for a hearing or reinstatement within six months from the date of the order of suspension. Respondent was suspended because she failed to cooperate with the Committee's investigation into allegations of professional misconduct which threatened the public interest. The Committee commenced a sua sponte investigation into respondent's conduct after receiving a cease and desist order and a copy of a Securities and Exchange Commission complaint against respondent concerning her role as a transaction manager within an investment banking entity that misled investors in a collateralized debt deal during the housing market crisis. Although respondent eventually made contact with the Disciplinary Committee during the investigation, she made affirmative statements that she would not answer the complaint as directed; she would not participate in its investigation; and she invited the Committee to suspend or disbar her.

The Committee's notice of motion seeking respondent's interim suspension contained the following notice:

> "PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended under 603.4 (e) (1) and who has not appeared or applied in writing to the Committee for a hearing or reinstatement for six months from the order of suspension may be disbarred without further notice."

Respondent did not appear on the motion.

On June 5, 2014, this Court granted the Committee's motion to the extent of suspending respondent from the practice of

law, effective immediately, pursuant to 22 NYCRR 603.4 (e) (1) (i), and until further order of the Court (120 AD3d 14 [1st Dept 2014]).

On June 12, 2014, the Committee mailed respondent a notice of entry of the Court's order of suspension to the address respondent provided the Committee, by first-class mail and certified mail, return receipt requested.

Disbarment is warranted here because more than six months has elapsed since this Court's June 5, 2014 suspension order and respondent has not appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement (*see* *Matter of Seaborn*, 121 AD3d 11 [1st Dept 2014]; *Matter of Banji*, 119 AD3d 74 [1st Dept 2014]; *Matter of Bruzdziak*, 111 AD3d 118 [1st Dept 2013]).

Accordingly, the Committee's motion for an order disbarring respondent, pursuant to 22 NYCRR 603.4 (g), should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

GONZALEZ, J.P., SWEENY, MOSKOWITZ, RICHTER and CLARK, JJ., concur.

Respondent disbarred, and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.