[19 NYS3d 749]

In the Matter of KEITH A. HAWTHORNE (Admitted as KEITH ANDREW HAWTHORNE), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, December 3, 2015

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Norma I. Lopez* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law in the State of New York by the First Judicial Department on June 20, 1994, under the name Keith Andrew Hawthorne.* At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.

By order entered January 26, 2015 (126 AD3d 65 [1st Dept 2015]), this Court granted a motion by the Departmental Disciplinary Committee to immediately suspend respondent from the practice of law pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) and (iii) due to his willful failure to cooperate with the Committee's investigation of allegations of professional misconduct and other uncontested evidence of professional misconduct immediately threatening the public interest. That motion followed the filing of four complaints from persons for whom respondent had obtained settlements but allegedly failed to disburse some or all of the amounts due to the clients. Respondent's failure to cooperate with the Committee's investigation was evidenced by failing to appear for a continued deposition and to answer two complaints filed against him. Moreover, as to uncontested evidence of professional misconduct this Court wrote that "the record demonstrates that respondent submitted altered escrow account bank statements, representing them to be authentic at his deposition, and that he misappropriated client funds" (126 AD3d at 69).

Respondent did not appear on that motion.

The Committee's October 17, 2014 notice of motion for immediate suspension included the following warning:

> "**PLEASE TAKE FURTHER NOTICE**, that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and who has not appeared or applied in writing to the Committee or the Court for a hear-

---

* Respondent, pro se, has not appeared in this proceeding.

ing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

On February 13, 2015, the notice of entry of this Court's January 26, 2015 order of suspension was mailed to respondent by first-class mail and certified mail, return receipt requested. The return receipt for the certified letter was signed for on February 17, 2015 and returned to the Committee.

Now, the Committee seeks an order disbarring respondent from the practice of law, pursuant to 22 NYCRR 603.4 (g), on the ground that respondent has been suspended under 22 NYCRR 603.4 (e) (1) (i) and (iii) and has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of this Court's order filed January 26, 2015, which suspended him from the practice of law, effective immediately.

Respondent was served with this motion to disbar by first-class mail and certified mail return receipt requested to the same two addresses as was the interim suspension motion. The return receipt for one of the certified letters was signed for on August 8, 2015 and returned to the Committee; the signature is illegible.

Since more than six months have elapsed since the date of this Court's suspension order and respondent has failed to appear or contact the Committee or the Court for a hearing or reinstatement, respondent should be disbarred (*Matter of Snorteland*, 126 AD3d 90 [1st Dept 2015]; *Matter of Schachter*, 125 AD3d 28 [1st Dept 2014]; *Matter of Seaborn*, 121 AD3d 11 [1st Dept 2014]; *Matter of Banji*, 119 AD3d 74 [1st Dept 2014]).

Accordingly, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4 (g) should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.

GONZALEZ, P.J., TOM, FRIEDMAN, ACOSTA and MOSKOWITZ, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.