[22 NYS3d 449]

In the Matter of JENNIFER L. McCANN (Admitted as JENNIFER LYNN McCANN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, January 14, 2016

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Elisabeth A. Palladino* of counsel), for petitioner.

*Jennifer L. McCann*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Jennifer L. McCann was admitted to the practice of law in the State of New York by the Second Judicial Department on February 14, 2007. At all relevant times respondent has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee has moved for an order pursuant to Rules of the Appellate Division, First Department (22 NYCRR) § 603.4 (e) (1) (i) and (iv), immediately suspending respondent from the practice of law based on her failure to cooperate with its investigation and her failure to pay an outstanding judgment in favor of a former client.

The Committee commenced an investigation in July 2013 after receiving a complaint from a client. The client alleged that he retained respondent to prepare a CPL article 440 motion for $5,000 and that respondent had neglected his case and failed to return his file despite repeated requests.

The Committee attempted to contact respondent at her business address, on file with the Office of Court Administration, numerous times via mail, telephone, and personal subpoena from July 2013 until September 2014. In September 2014, the Committee discovered respondent no longer maintained her Manhattan office address and instead located a personal address for respondent.

On March 23, 2015, respondent was personally served with a subpoena at her personal address ordering her to appear on April 2, 2015 for a deposition concerning the client complaint. Respondent adjourned the deposition and on April 24, 2015 submitted an answer stating that in January 2014 she decided to close her law practice due to various personal and health issues. Respondent further averred that she had worked substantively on her former client's case, drafted a CPL article 440 motion that had never been filed, and that a contractual dispute with the client regarding the $5,000 retainer fee had been resolved in Small Claims Court. Respondent advised she would immediately return the client's files.

Respondent failed to return the files or to notify the Committee that the client had obtained a $1,500 judgment in Small Claims Court on December 11, 2014, which remains unsatis-

fied. On May 18, 2015, respondent again advised the Committee that she would promptly return the files and satisfy the judgment. On May 18, 2015, the Committee sent letters by first-class mail and certified mail to respondent requesting a supplemental response by June 29, 2015. Respondent did not submit a supplemental response or respond to numerous phone messages. On July 6, 2015, the Committee sent respondent a letter advising her that if her supplemental response was not received by July 13, 2015 the Committee would move to have her suspended. The Committee attempted to personally deliver the letter numerous times without success. It therefore caused the letter to be affixed to the outer door of respondent's apartment. Respondent failed either to submit a response or to contact the Committee.

On September 23, 2015, the Committee sent respondent a letter directing her to appear for a deposition on October 19, 2015 and advising her that the Committee would move to have her suspended if she did not appear. Respondent failed to appear on October 19, 2015 and, as of the date of the Committee's motion, has failed to return the client's files or satisfy the outstanding judgment.

Respondent's failure to reply to the Committee's inquiries and to comply with a judicial subpoena constitute professional misconduct immediately threatening the public interest which warrants suspension pursuant to 22 NYCRR 603.4 (e) (1) (i) (*Matter of Borzouye*, 131 AD3d 339 [1st Dept 2014]; *Matter of Mager*, 282 AD2d 88 [1st Dept 2001]). Furthermore, respondent's failure to satisfy an outstanding judgment to her client provides additional grounds for suspension pursuant to 22 NYCRR 603.4 (e) (1) (iv) (*Matter of Harrington*, 88 AD3d 31 [1st Dept 2011]; *Matter of Fish*, 57 AD3d 112 [1st Dept 2008]).

Accordingly, the motion should be granted pursuant to 22 NYCRR 603.4 (e) (1) (i) and (iv), and respondent suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

Tom, J.P., Friedman, Sweeny, Richter and Manzanet-Daniels, JJ., concur.

Respondent suspended from the practice of law in the State of New York, effective the date hereof, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.