Matter of McCann (2016 NY Slip Op 06053)





Matter of McCann


2016 NY Slip Op 06053


Decided on September 15, 2016


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 15, 2016
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Peter Tom, Justice Presiding,
David Friedman
John W. Sweeny, Jr.
Rosalyn H. Richter
Sallie Manzanet-Daniels, Justices.


M-3150 

[*1]In the Matter of Jennifer L. McCann (admitted as Jennifer Lynn McCann), a suspended attorney: Departmental Disciplinary Committee for the First Judicial Department, Petitioner, Jennifer L. McCann, Respondent.



Disciplinary proceedings instituted by the Departmental Disciplinary Committee for the First Judicial Department. Respondent, Jennifer L. McCann, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on February 14, 2007.



Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee, New York
(Elisabeth A. Palladino, of counsel), for petitioner. Respondent pro se.


PER CURIAM:
Respondent Jennifer L. McCann was admitted to the practice of law in the State of New York by the Second Judicial Department on February 14, 2007, under the name Jennifer Lynn McCann. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.
The Departmental Disciplinary Committee (Committee) now seeks an order disbarring respondent pursuant to the Rules of the Appellate Division, First Department § 603.4(g), on the grounds that she was suspended under 22 NYCRR 603.4(e)(1)(i) and (iv) and has not appeared or applied in writing to the Committee or this Court for a hearing or reinstatement for six months from the date of the order of suspension.
On January 14, 2016, this Court suspended respondent from the practice of law pursuant to 22 NYCRR 603.4(e)(1)(i) and (iv), due to her noncooperation with a Committee investigation into allegations that respondent neglected a client's matter, failed to communicate with him or return his file despite repeated requests, and failed to satisfy a $1,500 Small Claims Court judgment the client obtained against her. Respondent did not respond to a judicial subpoena and numerous Committee inquiries (Matter of McCann, 137 AD3d 44 [1st Dept 2016]).
The Committee mailed a copy of this Court's order of suspension to respondent by first class mail with tracking and certified mail return receipt requested. The order of suspension contained the following notice:
"PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR § 603.4(g), an attorney who is suspended under § 603.4(e)(1) and who has not appeared or applied in writing to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."
Respondent was served with the instant motion seeking an order of disbarment by first class mail with tracking and certified mail return receipt requested, but has failed to submit a response. As more than six months have elapsed since this Court's January 14, 2016 suspension order, and respondent has neither appeared nor applied in writing to the Committee or this Court for a hearing or reinstatement, respondent should be disbarred (see Matter of Hawthorne, 136 AD3d 27 [1st Dept 2015]; Matter of Snorteland, 126 AD3d 90 [1st Dept 2015]).
Accordingly, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 603.4(g) should be granted and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective immediately.
All concur.
Order filed. [September 15, 2016]
Tom, J.P., Friedman, Sweeny, Richter, and Manzanet-Daniels, JJ.
Respondent disbarred and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof. Opinion Per Curiam. All concur.