[49 NYS3d 139]

In the Matter of STEPHAN L. ROSENBAUM, a Suspended Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 28, 2017

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Naomi F. Goldstein* of counsel), for petitioner.

*Stephan L. Rosenbaum,* respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Stephan L. Rosenbaum was admitted to the practice of law in the State of New York by the Second Judicial Department on February 25, 1972.* At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

The Attorney Grievance Committee seeks an order, pursuant to Judiciary Law §§ 90 (2) and 486, immediately disbarring respondent, without further proceedings, for willfully engaging in the unauthorized practice of law in violation of this Court's November 20, 2013 suspension order. In the alternative, it seeks to continue his suspension from the practice of law, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (a), pending a hearing before a referee, and until further order of this Court, on the basis that his professional misconduct immediately threatens the public interest, relying on his admission under oath that he, inter alia, engaged in the unauthorized practice of law and he failed to pay a money judgment his client obtained against him. Respondent requests that this Court not disbar him, but allow him to resume the practice of law after a reasonable period of suspension.

For the reasons set forth below, we now grant the Committee's motion to the extent of continuing respondent's suspension from the practice of law, pursuant to 22 NYCRR 1240.9 (a) (2), until such time as the disciplinary matters before the Committee have been concluded, and until further order of this Court.

Beginning on June 26, 2013, and continuing for five consecutive days, notice was served by publication in the New York Law Journal that the Office of Court Administration (OCA) had forwarded to the Attorney Grievance Committee a list of all attorneys who were delinquent in complying with their registration obligations under Judiciary Law § 468-a, and that if they did not cure said delinquency by July 24, 2013, they would be named as respondents in a mass suspension proceeding. Respondent's name appeared on that list, having been delinquent since the 2006-2007 biennial period.

On September 26, 2013, notice of the Attorney Grievance Committee's mass motion to suspend was served via publication in the New York Law Journal for five days, and was posted on this Court's website.

---

* Respondent appears pro se.

On November 20, 2013 this Court suspended respondent from the practice of law, stating that respondent was

> "commanded to refrain and desist from the practice of law in any form, either as principal or agent, clerk or employee of another, and is forbidden to appear as an attorney and counselor-at-law before any court, judge, justice, . . . and is forbidden to give to another an opinion as to the law or its application, or any advice in relation thereto, effective November 20, 2013 and until the further order of this Court."

Our order also directed compliance with 22 NYCRR former 603.13 (a), which specifically references, inter alia, Judiciary Law §§ 478 and 486, which provides that any attorney who has been suspended and who engages in the unauthorized practice of law is guilty of a misdemeanor. The order was posted on both the New York Law Journal's website and this Court's website.

In October 2015, the Committee received a complaint from one of respondent's clients in which she alleged that respondent failed to fully repay a $120,000 loan she made to him, which debt has been reduced to judgment. As part of the loan arrangement, respondent executed a $120,000 promissory note which called for him to repay the principal by no later than July 13, 2015, and in lieu of interest, respondent would not charge his client for his legal services until the principal balance had been paid in full. The record includes detailed invoices showing respondent continued to do legal work for his client through December 2015, pursuant to the loan arrangement. Respondent did not repay the loan when it came due, subsequently making only a partial $20,000 payment. The client, after hiring a new attorney, brought an action, and in 2016 obtained a default judgment against respondent in the amount of $109,465, which judgment remains unpaid.

Respondent appeared at a deposition in connection with the October 2015 complaint. He claimed that he only learned of his suspension after a colleague alerted him a few months prior to his August 2016 deposition. He also testified that he was aware of his obligation to register with the Office of Court Administration and pay the required fees, but had not done so since 2006 due to "neglect." Respondent also admitted to practicing law "a little" after he learned of his suspension.

During his testimony, respondent also testified to the circumstances of obtaining a $120,000 loan from his 92-year-old cli-

ent. He admitted that he performed legal services for that client. Respondent stated further that after the revenue with which he anticipated to repay the loan had not materialized, he was too embarrassed to make small payments to his client, and it became clear to him that the only way to repay the loan was to take out a mortgage against his home. Although respondent represented in prior correspondence to the Grievance Committee that he had completed the necessary steps to receive the mortgage, at his deposition he admitted he had not yet completed the application. Respondent's home is owned by his wife and respondent stated he has been "loathe" to unduly pressure her to complete the necessary paperwork.

We find that respondent engaged in professional misconduct that immediately threatens the public interest, as evinced by his admissions under oath, warranting his interim suspension pursuant to 22 NYCRR 1240.9 (a) (2). 22 NYCRR 1240.9 (a) provides for an interim suspension "upon a finding by the Court that the respondent has engaged in conduct immediately threatening the public interest. Such a finding may be based upon: . . . (2) the respondent's admission under oath to the commission of professional misconduct."

The record sufficiently establishes that respondent engaged in the unauthorized practice of law in violation of our November 20, 2013 suspension order, and that such misconduct immediately threatens the public interest (*see e.g. Matter of Gadsden*, 103 AD3d 1 [1st Dept 2012]; *Matter of Ignacio*, 63 AD3d 83 [1st Dept 2009]).

We do not at this time find that respondent's failure to satisfy his client's judgment is an additional ground for his interim suspension because there is a disputed question about whether respondent's actions were willful (22 NYCRR 1240.9 [a] [4]; *see e.g. Matter of McCann*, 137 AD3d 44 [1st Dept 2016]; *Matter of Harrington*, 88 AD3d 31 [1st Dept 2011]; *Matter of Bloodsaw*, 87 AD3d 190 [1st Dept 2011]). While respondent may not have made an expeditious effort to obtain a mortgage loan, his professed reason for not satisfying his client's judgment is lack of revenue. These disputed issues, and any appropriate penalty, need to be decided only after a hearing.

We deny the Committee's motion to disbar respondent at this time, without further hearing, based upon his admitted unauthorized practice of law. While suspended attorneys who engage in the unauthorized practice of law may be disbarred (*Matter of Rosabianca*, 131 AD3d 215 [1st Dept 2015]), here

the underlying suspension was for failure to register with OCA and nonpayment of fees. Respondent has represented that he is in the process of bringing himself into compliance with the registration requirements, which may impact the ultimate resolution of this issue (*Matter of Ignacio*, 63 AD3d at 84-85).

Accordingly, the Committee's motion should be granted to the extent of continuing respondent's suspension from the practice of law in accordance with 22 NYCRR 1240.9 (a) (2), until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.

SWEENY, J.P., ANDRIAS, MANZANET-DANIELS, GISCHE and WEBBER, JJ., concur.

Respondent's suspension from the practice of law in the State of New York continued, as indicated, until such time as disciplinary matters pending before the Committee have been concluded, and until further order of this Court.