[60 NYS3d 43]

In the Matter of MARJORIE MODESTIL, a Suspended Attorney, Respondent. ATTORNEY GRIEVANCE COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 22, 2017

APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Attorney, Attorney Grievance Committee,* New York City (*Yvette A. Rosario* of counsel), for petitioner.

*Marjorie Modestil,* respondent pro se.

## OPINION OF THE COURT

Per Curiam.

Respondent Marjorie Modestil was admitted to the practice of law in the State of New York by the Second Judicial Department on January 18, 1995. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

By motion dated March 16, 2016, the Attorney Grievance Committee (Committee) sought respondent's immediate suspension from the practice of law pursuant to former 22 NYCRR 603.4 (e) (1) (i), (ii), (iii) and (iv), as well as Judiciary Law § 468-a, based upon her willful failure to cooperate with the Committee's disciplinary investigation, an admission under oath that she had committed an act or acts of professional misconduct, other uncontested evidence of professional misconduct, her failure to pay money owed to a client which was demonstrated by a judgment, and her failure to comply with the OCA registration requirements, all of which immediately threatened the public interest.

The Committee states that its previous notice of motion seeking respondent's interim suspension contained the following notice:

> "PLEASE TAKE FURTHER NOTICE, that pursuant to 22 NYCRR 603.4 (g), an attorney who is suspended and who has not appeared or applied to the Committee or the Court for a hearing or reinstatement for six months from the date of the order of suspension, may be disbarred without further notice."

Respondent did not appear on the interim suspension motion.

By order entered June 23, 2016, this Court granted the Committee's motion and suspended respondent from the practice of law, effective immediately, and until further order of the Court (142 AD3d 9 [1st Dept 2016]). This Court found an interim suspension was warranted where respondent failed to fully cooperate with the Committee's investigation by repeatedly fail-

ing to provide information requested and answers to two complaints, by providing apparently false deposition testimony regarding her financial accounts, by her admissions during her deposition that she intentionally converted and/or misappropriated client and third-party funds of $24,500, by her willful failure to satisfy a former client's $2,520 judgment entered against her, and by her acknowledgment that she was delinquent in her attorney registration and failed to notify OCA of changes to her business address.

On August 5, 2016, the Committee served respondent with a notice of entry enclosing a copy of this Court's order of suspension. The notice of entry was served on respondent's home address in New Jersey by first class mail and certified mail return receipt requested.

On January 18, 2017, the Committee mailed respondent a letter noting her June 23, 2016 suspension and giving her until January 31, 2017, to explain discrepancies in her financial records as previously requested by the Committee in December 2015. The certified mailing was returned to the Committee unclaimed.

Now, the Committee seeks an order disbarring respondent, pursuant to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9 (b) (formerly § 603.4 [g]), on the ground that she was suspended under former 22 NYCRR 603.4 (e) (1) (i) (now 22 NYCRR 1240.9 [a] [3]), 22 NYCRR 603.4 (e) (1) (ii) (now 22 NYCRR 1240.9 [a] [2]), 22 NYCRR 603.4 (e) (1) (iii) (now 22 NYCRR 1240.9 [a] [5]), 22 NYCRR 603.4 (e) (1) (iv) (now 22 NYCRR 1240.9 [a] [4]) and Judiciary Law § 468-a, and has "failed to respond to or appear for further investigatory or disciplinary proceedings within six months from the date of the order of suspension" (see 22 NYCRR 1240.9 [b]).

Respondent, pro se, was personally served with this motion when she appeared at the office of the Committee, but she has not submitted a response.

Accordingly, inasmuch as more than six months have elapsed since this Court's June 23, 2016 suspension order, and respondent has neither responded to nor appeared for further investigatory or disciplinary proceedings, the Committee's motion for an order disbarring respondent pursuant to 22 NYCRR 1240.9 (b) should be granted and her name stricken from the roll of attorneys in the State of New York, effective immediately (see Matter of Durove, 144 AD3d 4 [1st Dept 2016]; Matter of McCann, 143 AD3d 98 [1st Dept 2016]).

Tom, J.P., Renwick, Richter, Kapnick and Webber, JJ., concur.

Respondent disbarred and her name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof.