Matter of Vayer (2018 NY Slip Op 02283)





Matter of Vayer


2018 NY Slip Op 02283


Decided on March 29, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 29, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Dianne T. Renwick, Justice Presiding, Richard T. Andrias, Barbara R. Kapnick,Ellen Gesmer, Peter H. Moulton, Justices.


M-6426

[*1]In the Matter of M. Scott Vayer, (admitted as Marshall Scott Vayer), a suspended attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, M. Scott Vayer, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, M. Scott Vayer, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 14, 1980.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Kathy W. Parrino, of counsel), for petitioner.
Michael S. Ross, Esq. for respondent.



PER CURIAM


Respondent M. Scott Vayer was admitted to the practice of law in the State of New York by the First Judicial Department on January 14, 1980, under the name Marshall Scott Vayer. Respondent currently maintains a registered address within the First Department.
By order of October 21, 2010, this Court suspended respondent from the practice of law, until further order of this Court, as part of a mass suspension proceeding, for failure to file attorney registration statements and pay biennial registration fees in violation of Judiciary Law § 468-a (Matter of Attorneys Who Are in Violation of Judiciary Law § 468-a, 79 AD3d 81 [1st Dept 2010]). By order of May 27, 2010, this Court had authorized service of the notice of petition to suspend by publication in the New York Law Journal for five consecutive days commencing on June 8, 2010. The complete list of suspended attorneys was also posted on the websites of this Court and the New York Law Journal. According to OCA records, respondent cured his default on or about June 27, 2017, however, he did not move for reinstatement and, thus, remains suspended.
Now, by motion, the Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law §§ 90(2) and 486, immediately disbarring respondent, without further proceedings, for engaging in the unauthorized practice of law in violation of this Court's October 21, 2010 suspension order, or, in the alternative, continuing his suspension from the practice of law, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(5), based on uncontroverted evidence that he engaged in the unauthorized practice of law.
Respondent opposes the AGC's motion and asks this Court for the opportunity to explain his conduct and offer evidence in mitigation.
Respondent states that in 2017 another attorney brought it to his attention that he was suspended. That attorney concomitantly brought that fact to the attention of the AGC. When contacted by the AGC, respondent stated that while he suspected he might not be in "good standing," he did not realize that he had been suspended. The AGC then commenced an investigation.
In his June 2017 answer to the complaint, respondent acknowledged that he continued to practice law after his suspension but claimed that he has not intentionally engaged in the unauthorized practice of law because he was unaware of his suspension. Respondent explained that he failed to renew his registration and stopped meeting his CLE requirements around 2001 because he was engaged in major litigation and then confronted with stressors in both his professional and personal life. Respondent further stated that part of the reason he did not renew his biennial registration was that he was unable to complete his CLE requirements. Initially, respondent believed that he would be able to catch-up on his CLE and registration obligations, but as more time passed the task became overwhelming.
Respondent also explained that he never subscribed to the New York Law Journal so he did not see the notice of petition to suspend which was published for five days in June 2010. In addition, respondent claimed that in the fall of 2010, he moved from both his registered home and business addresses, and admittedly did not update the changes with OCA. Respondent believed that any notice of his suspension sent by the AGC to either of his previous addresses was not forwarded to him by the subsequent occupants or the Post Office. Upon learning of his suspension in April 2017, respondent took immediate steps to fulfill his registration obligations and address his suspension. For instance, after his violation of the suspension order was reported to the AGC, respondent completed 231.5 CLE credits and paid his delinquent registration fees.
The AGC correctly argues that after 17 years of failing to re-register or complete the required CLE credits it is incredible that respondent thought his license to practice law would remain valid. Accordingly, the AGC recommends immediate disbarment or, in the alternative, an interim suspension.
Respondent argues that he did not intentionally engage in the unlawful practice of law, because he never knew he had been suspended. He is contrite and admits that he should have looked into the consequences of not registering for such a long time. After learning of his suspension respondent did suspend his law practice, and took steps to pay back his registration [*2]fees and become current with his CLE obligations. Although respondent was willfully ignorant in his registration responsibilities, this is not a case where any clients, or opponents, were harmed by respondent's conduct. Since learning of his suspension, he has brought himself into compliance.
Respondent's contention that he was unaware of his suspension is both incredible and unavailing. In Matter of Rosenbaum, (149 AD3d 270 [1st Dept 2017]) the respondent, who had been suspended for failure to register and nonpayment of fees, similarly claimed ignorance of his suspension for several years, although he, unlike respondent in the instant matter, admittedly continued to practice law "a little" even after learning of his suspension. In Rosenbaum, this Court denied the AGC's request for summary disbarment but granted the Committee's alternate request to continue respondent's suspension until further order of the Court (149 AD3d at 274).
AGC will presumably continue its investigation of respondent and if warranted, file formal charges. Additionally, if respondent engages in the unauthorized practice of law while suspended, the AGC could renew its motion for summary disbarment.
Suspended attorneys who engage in the unauthorized practice of law may be disbarred (Matter of Rosabianca, 131 AD3d 215 [1st Dept 2015]).
Accordingly, the Committee's motion is granted to the extent of continuing respondent's interim suspension, pursuant to 22 NYCRR 1240.9(a)(5), and until further order of this Court.
All concur.
Order filed. [March 29, 2017]
Motion is granted to the extent of continuing respondent's suspension from the practice of law in the State of New York, pursuant to 22 NYCRR 1240.9(a)(5), until further order of this Court.